IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CALOZZIE LEE,

       Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

       Defendant.

Case No. 5:25-cv-00215-CAR

## STIPULATED PROTECTIVE ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.**

    The Court **GRANTS** the parties' Joint Motion for Protective Order [Doc. 13].

    IT IS HEREBY STIPULATED by and between *pro se* Plaintiff **Calozzie Lee** ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), through its attorney of record, as follows:

    WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant, and/or personal income, credit and other confidential information of Plaintiff.

    THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

    1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

    2.    Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and

the information contained therein subject to this Order by typing or stamping on the

front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4.  All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5.  Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to,

reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

6.   All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

12. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

13. **ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are

covered by this discovery protective order.

                **SO ORDERED** this 7th day of November, 2025.

                S/ C. Ashley Royal
                C. ASHLEY ROYAL, SENIOR JUDGE
                UNITED STATES DISTRICT COURT